[No. 1314.]

ALLEN C. BRAGG, RESPONDENT, v. THE STATE OF NEVADA, APPELLANT.

SPECIAL ELECTION — EXPENSES OF — LIABILITY OF STATE — PUBLICATION OF AMENDMENTS TO CONSTITUTION—APPROPRIATIONS—STATUTES 1889, 21, and 1889, 94, CONSTRUED.—A legislative act appropriating a certain sum "for the purpose of paying the expenses of the various counties in this state of the special election," does not create a fund applicable to the payment of a demand for publishing proposed amendments to the state constitution, to be voted upon at such special election, as such demand is not chargeable against any of the counties.

APPEAL from the District Court of the State of Nevada, Ormsby County.

RICHARD RISING, District Judge.

The facts are stated in the opinion.

J. D. Torreyson, for Appellant.

S. D. King, for Respondent.

By the Court, BELKNAP, J.:

The law providing for the submission of certain proposed amendments to the constitution of the state at a special election upon the eleventh day of February, 1889, required the state board of examiners to publish the proposed amendments in a daily newspaper of general circulation for the period of two weeks

preceding the election. In compliance with this requirement, the board entered into a contract with the plaintiff, by which he agreed to make the publication in the Reno Evening Gazette, a newspaper of which he was proprietor and publisher. The law regulating rates to be paid for official advertising provides that for the publication of each square of ten lines there shall be paid not to exceed the sum of two dollars and fifty cents for the first insertion, and not to exceed one dollar for each subsequent insertion; "an insertion being held to be one publication per week." (Stat. 1887, 135.) It was agreed that compensation under the contract should be governed by the provisions of this statute, but as the contract required a daily publication, and the statute contemplated only one publication per week, plaintiff reserved the right to seek additional compensation at the hands of the legislature. This branch of the contract is expressed in the records of the board as follows: " * * * It being understood that Mr. A. C. Bragg, the proprietor of the Gazette, shall only hold this board responsible for such compensation as may be allowed by them under the law of 1887, p. 135; he being requested to publish the amendments daily for two weeks, and to look to the legislature for any further compensation that may be just and due." Plaintiff made the required publication, and received in payment therefor the sum of two hundred and fifty-two dollars, which is the amount of money to which he was entitled under the law of 1887. Afterwards he brought this action, alleging that the services rendered were reasonably worth the sum of eight hundred and sixty-eight dollars, and, deducting the payment made, a balance of six hundred and sixteen dollars remained due, for which amount he asked judgment.

In order to maintain an action of this nature against the state, an appropriation by the legislature for the payment of the demand must have been made. Two distinct appropriations were made for the purpose of meeting the expenses of the special election. The object of these appropriations was to reimburse the counties the expenses of the election for which they were primarily liable. The first act was approved by the governor upon January 23, 1889, and appropriated the sum of fifteen thousand dollars "for the purpose," as therein expressed, "of paying the expenses of the various counties in this state of the special election to be held on February 11

1889." (Stat. 1889, 21.) The second is entitled "An act to·
provide for the payment of the expenses of the special election
held February 11, 1889, in excess of the amount heretofore
appropriated for that purpose," and is complete in one section,
as follows: "Section 1. The sum of four thousand six hun-
dred and eighty-seven dollars and fifteen cents is hereby appro-
priated  *  *  *  for the purpose of paying any deficiencies
that may arise on account of the insufficiency of the appropria-
tion heretofore made to provide for the payment by the state of
Nevada of the expenses of the special election held in this state
on February 11, 1889." (Stat. 1889, 94.) The first appropria-
tion was made before the election, at a time when, from the
nature of the case, the expenses could only be estimated. The
second was made after the election, when the expenses could
be approximated.  It is evident that the legislature ascertained
after the election that the first appropriation was inadequate,
and a further appropriation necessary. The  "appropriation
heretofore made," mentioned in the second act, refers to the
appropriation of fifteen thousand dollars "for the purpose of
paying the expenses of the various counties in this state of the
special election." The second appropriation was made, as the
law itself declares, to meet the deficiency of the first; and, the
first being for the purpose of paying the expenses of the coun-
ties, the second was for the same purpose.  Neither of these
appropriations create funds applicable to the payment of plaint-
iff's demand, because it is in no sense chargeable against any
of the counties.  As no contention is made that any other fund
is subject to the payment of the claim sued upon, it is ordered
that the judgment be reversed, and the cause remanded, with
instructions to dismiss the action.